STATE, *ex rel.* RUDOLPH TOWNSEND, *et al.*, v. J. J. FARREY, as Building Inspector of the City of Miami Beach, and THE CITY OF MIAMI BEACH.

182 So. 448.
Opinion Filed July 1, 1938.

*Mitchell D. Price & Charles W. Zaring* and *Jack R. Kirchik*, for Plaintiffs in Error;

*J. Harvey Robillard* and *Loftin, Stokes & Calkins*, for Defendants in Error.

PER CURIAM.—The writ of error brings for review judgment against the petitioner in mandamus proceedings, as follows:

"The above styled cause comes on before this Court to be heard upon the alternative writ of mandamus, the respondent's answer thereto, and evidence adduced upon the issues, and the Court being fully advised in the premises, it appears unto the Court that the plaintiff herein complains that the defendant's exercise of the police power of zoning has been exercised in such an arbitrary and unreasonable manner as to deprive the plaintiff of reasonable use of his property.

"I find that the market value of the plaintiff's property would be increased by fifty per cent. or more if the restrictions were no greater than those upon property across the street to the east. Plaintiff's property is on the border line of the zoned area.

"It is self-evident that all areas must have a boundary or border line. Plaintiff contends for a change here of the border line, claiming like property should be likewise zoned and that his property properly should be classified for a less restrictive use than is required by the present ordinance.

"I take it to be the law that classifications adopted for regulation should have some just relation to the essential difference of conditions and circumstances, with reference to the subject matter regulated, and that all similarly situated should have similar rights and that such legislation as conforms thereto must be upheld by the courts, and that any legislative restrictions that violate this principle are unreasonable and unnatural, and are subject to be stricken down by the court.

"I do not find that the zoning restrictions as placed upon the property to be so unreasonable as to violate the foregoing principles of law.

"It Is Therefore Considered, Ordered and Adjudged that the petitioner take nothing by its writ and that the defendant go hence without day.

"Done and Ordered at Miami, Florida, this 22nd day of April, A. D. 1937."

On consideration of the entire record, we find no reversible error reflected therein.

No new questions of law are presented which have not heretofore been discussed and ruled upon in opinions and judgments promulgated by this Court and, therefore, we feel that no useful purpose may be accomplished by re-

peating what we have heretofore said in other cases concerning like questions.

The judgment is, therefore, affirmed.

So ordered.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.