106 So.2d 108 (1958)
TOWN OF SURFSIDE, a municipal corporation of the State of Florida, Appellant,
v.
Albert ABELSON and Lynne Abelson, his wife, Joseph Goldberg and Fannie Goldberg, his wife, Appellees.
No. 58-40.
District Court of Appeal of Florida. Third District.
October 21, 1958.
Rehearing Denied November 24, 1958.
*109 Frank J. Kelly, Miami, for appellant.
Anderson & Nadeau, Miami, for appellees.
HORTON, Judge.
This is an appeal from a final decree declaring the zoning classification of three lots in the Town of Surfside to be unreasonable, discriminatory and void, and enjoining the enforcement thereof. The town has taken this appeal, contending that the Circuit Court erred in substituting its judgment for that of the Town Council.
A brief history of this litigation, together with a description of the subject area is necessary, we feel, for a full understanding of the questions involved. The Town of Surfside is bounded on the south by the City of Miami Beach and on the north by the City of Bal Harbour. The town lies in the area between 87th Terrace and 96th Street. The Atlantic Ocean and Indian Creek are its eastern and western boundaries, respectively. The town has now reached 97% of its total development under a master plan which was adopted shortly after incorporation. According to the master plan, two blocks were set aside for commercial use, the rest of the town being entirely residential except for the hotels along the ocean and Collins Avenue. This commercial area constitutes both sides of Harding Avenue, which runs north and south, from 94th Street to 96th Street. The property owned by the appellees is located on the southeast corner of Harding Avenue and 94th Street, and has remained undeveloped in the twelve years that it has been owned by the appellees. This property was zoned for one family residences under the master plan of the town. A prior attempt by the appellees to obtain a more liberal zoning classification resulted in a court decree requiring the rezoning of the property for multiple family use. This decree was affirmed by the Supreme Court of Florida, in Goldberg v. Town of Surfside, Fla. 1956, 87 So.2d 816.
In 1957, the town constructed a new Town Hall on the southeast corner of Harding Avenue and 93rd Street, which places it one block south of the subject property and outside the two block commercial zone. Located on the land between the subject property and the Town Hall are four single family residences and a parking lot for a motel which faces on the block to the east. The land immediately across Harding Avenue from appellees' property and bounded by 94th Street on the north and 93rd Street on the south, is comprised of five single family residences with three tracts of unimproved land. From the testimony adduced on the final hearing, it was determined that the only material change in the locality since the previous rezoning, was the construction of the Town Hall. Consequently, the appellees own land with multiple family classification adjacent to commercial property to the north and single family residences to the south and west.
The application to the Town Council for rezoning for commercial purposes was denied. The Circuit Court held this denial to be unreasonable and discriminatory and enjoined the enforcement of the ordinance.
Since the ruling of the United States Supreme Court in Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, the authority of a municipality to pass a comprehensive zoning ordinance is no longer debatable. The Supreme Court held that the police powers of the municipalities were sufficiently broad so as to control the use of property under a general plan. However, the application of the plan must not be unreasonable or arbitrary. To determine the reasonableness of the plan to the individual landowners, the Court developed the "fairly debatable" rule which prevents judicial interference with municipal *110 ordinances when the issues presented by the application for rezoning are fairly debatable. (See City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473 for a collation of the Florida cases applying the "fairly debatable" rule.)
In the instant case, the only material change in the locality since the rezoning to multiple family residences was the construction of the Town Hall a block south of the appellees' property. The appellees contend that they could obtain a greater financial return on their investment if their property was rezoned for commercial use. This latter point cannot be disputed. However, it is the generally accepted rule that a zoning ordinance is not rendered unreasonable solely for the reason that the value of the land is greater for commercial use than for residential purposes. Spencer-Sturla Company v. City of Memphis, 155 Tenn. 70, 290 S.W. 608 and cases cited therein. Thus, the only question remaining is whether or not the addition of the Town Hall so materially changed the character of the surrounding area so as to make the application of the existing zoning ordinances unreasonable and arbitrary to the appellees.
At the outset, we observe that courts generally are not concerned with the wisdom of zoning ordinances except so far as they might conflict with constitutional safeguards, or may in their application in individual cases be unreasonable or arbitrary. The present question does not involve a dispute as to the constitutional validity of the ordinance but presents only a conflict on the application of the ordinance which may or may not involve good zoning practices. In such cases, the courts must respect the discretion of the municipal officers in their legislative capacity and review only those cases which involve constitutional violations or unreasonable and arbitrary acts which deprive the landowner of the use of his land.
The facts presented by this case, we conclude, fall squarely within the "fairly debatable" rule. It cannot be said with any degree of certainty that the construction of the Town Hall has materially changed the nature of the surrounding area. Neither could it be said that the Town was unreasonably limiting the area which can be used for commercial ventures. The comprehensive planning scheme employed by the Town Council has not been challenged and the application of the ordinance should be left to the Town Council. No showing has been made of an abuse of the Town's discretion in the application of the ordinance nor can we say that the multiple family classification applied to appellees' property has unreasonably restricted its use. See City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442.
Accordingly, the decree appealed is reversed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.