114 So.2d 214 (1959)
E.F. SNIPES and Juanita C. Snipes, his wife, Appellants,
v.
CITY OF HIALEAH, a municipal corporation, Appellee.
No. 58-418.
District Court of Appeal of Florida. Third District.
August 24, 1959.
Richard P. Kenney, Miami, for appellants.
Ralph C. Nelson, Hialeah, for appellee.
KNOTT, JAMES R., Associate Judge.
Appellants, as plaintiffs below, initiated a suit to enjoin appellee city from enforcing an R-1 (single family residential) zoning restriction. The lower court found the zoning ordinance was "unreasonable, arbitrary, discriminatory and void" as to appellants' property and that said property should be zoned C-1 (restricted retail commercial).
Appellants complain that the new zone should have been C-2 (liberal retail commercial). Appellee filed cross assignment of errors, contending that the zoning should not have been disturbed.
The property in question is surrounded for a minimum of three blocks on all sides by R-1 zoning, with the exception of the property across the street, which is zoned C-1, and is the location of the city auditorium, with a grocery store adjacent thereto. We include in this opinion a graphic illustration of the appellants' property and the surrounding area, which is a substantial reproduction of the pertinent portion of a plat introduced in evidence in the lower court. The shaded portion shown is appellants' property. The hatched area is the city auditorium and adjacent grocery (zoned C-1). All the remaining property shown in the included sketch is zoned R-1.
It is now settled law in this state that if the reasonableness of a zoning ordinance is "fairly debatable" the court is
*215 
*216 not empowered to substitute its judgment for that of the legislative authority. City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442.
The Supreme Court of Florida, in speaking of the propriety of the courts pitting their judgment against that of the city officials, said in the case of Lippow v. City of Miami Beach, Fla. 1953, 68 So.2d 827, 828:
"In City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493, 494, we reviewed many of the earlier zoning cases of this Court and, recognizing the presumptive validity of such ordinances, when enacted pursuant to proper authority, declared that this Court `* * * will not substitute its judgment for that of the municipality but will sustain the legislative intent of the ordinance if the matter is "fairly debatable.'" We further said in that case:
"`If the Courts adopt the policy of substituting their judgments for that of city officials, simply because of their refusal to rezone the property in accordance with the wishes of the landowner to increase the value of the land, they will eventually become the zoning boards for every county and municipality in the State.'"
The recent case of Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108, 109, is similar in some respects to the case at bar. In that case we said:
"Since the ruling of the United States Supreme Court in Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, the authority of a municipality to pass a comprehensive zoning ordinance is no longer debatable. The Supreme Court held that the police powers of the municipalities were sufficiently broad so as to control the use of property under a general plan. However, the application of the plan must not be unreasonable or arbitrary. To determine the reasonableness of the plan to the individual landowners, the Court developed the `fairly debatable' rule which prevents judicial interference with municipal ordinances when the issues presented by the application for rezoning are fairly debatable. (See City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473 for a collation of the Florida cases applying the `fairly debatable' rule.)"
Appellants argue that their zoning should be changed because (a) the present R-1 Zone has been violated by the presence of the nearby city auditorium and grocery; (b) appellants' property is not presently zoned for its highest and best use, and (c) their property extends along a heavily traveled street between two intersections.
The presence of the city auditorium and adjacent grocery across the street does not vest in appellants a right to the same zoning. Town of Surfside v. Abelson, supra. As to the question of zoning property for its best financial use our Supreme Court, in the Wiesen case, supra, quoting with approval from a California case [Wilkins v. City of San Bernardino, Cal. App., 162 P.2d 711], said:
"Increasing or diminishing the value of property by restricting its use under a valid zoning ordinance does not render the ordinance void as it is one of the incidents which may follow the valid exercise of the police power which permits property to be taken or damaged for public use under that power, when properly exercised, without compensation to the owner * * * This is one of the penalties, or benefits, depending on the point of view, incident to the privilege of living under the conditions of modern society where some of the personal and property rights that may be enjoyed by an isolated person must be surrendered to and circumscribed by the welfare of the larger group." [86 So.2d 445.]
*217 Nor does the fact that appellants' property may be located on a relatively heavily traveled street and extend between two intersections remove the ordinance in question from the "fairly debatable" class. It frequently happens that residential areas and heavily traveled streets go hand in hand. This is especially true when one considers the number of two-car families living in modern residential areas, not to mention the delivery trucks required to serve the present day housewife in the manner to which she has become accustomed.
It seems to us that this case is at least "fairly debatable" and that the lower court went beyond its authority when it substituted its judgment for that of the legislative body.
Accordingly, the decree appealed from is reversed.
HORTON, C.J., and PEARSON, J., concur.