120 So.2d 20 (1960)
TOWN OF SURFSIDE, a Municipal Corporation, Appellant,
v.
SKYLINE TERRACE CORP., a Florida Corporation, Appellee.
No. 59-129.
District Court of Appeal of Florida. Third District.
April 7, 1960.
Rehearing Denied May 18, 1960.
*21 Kelly, Paige & Black, Miami, for appellant.
Sibley, Grusmark, Barkdull & King, Miami Beach, for appellee.
HORTON, Chief Judge.
The Town of Surfside, defendant below, appeals from a final decree which found and adjudicated that ordinance No. 41 of the Town was arbitrary, unreasonable and null and void as applied to certain real property owned by the appellee within said Town. The Town was directed to adopt, within 90 days from the date of the decree, an appropriate ordinance reclassifying the appellee's property, permitting the use of the property for an office building.
The appellant's contentions can be divided into four categories, i.e., (1) that the chancellor failed to apply the "fairly debatable rule" to the ordinance in question; (2) that his decree violates the rule against "spot zoning"; (3) that the decree constitutes zoning erosion by judicial action; and (4) that the appellee is estopped to urge the unreasonableness of the ordinance when it purchased the property with full knowledge thereof.
The property in question is located on the southwest corner of Northeast 96th Street and Collins Avenue in the Town of Surfside. Ninety-sixth Street runs east and west and constitutes the northern boundary of the Town of Surfside, separating it from the Village of Bal Harbour on the north. Collins Avenue runs in a north-south direction and is the easternmost street separating a portion of the Town from the Atlantic Ocean. Across 96th Street, north of appellee's property, in the Village of Bal Harbour, is a bank. In a northeasterly direction from appellee's property, on the northerly extension of Collins Avenue in Bal Harbour, the Singapore and Americana Hotels are located; while to the west of the appellee's property, separated by a fifteen-foot alley, is the La Bastille, a private club. The La Bastille faces on Harding Avenue, a north-south thoroughfare, and constitutes the northernmost portion of a section of two blocks zoned and used for commercial purposes. To the south of appellee's property, in the same block, lie multi-family structures similar to the appellee's apartment house. To the east of the appellee, and across Collins Avenue, are apartments and hotels bordering on the Atlantic Ocean.
The appellant contends that the Town has operated under a master plan which sets up five categories of use, i.e., (1) along the Atlantic Ocean east of Collins Avenue  apartments and hotels; (2) along the west side of Collins Avenue  apartments; (3) on Harding Avenue between 94th and 96th Streets  commercial; (4) west of Harding Avenue  apartments; and (5) the remainder of the community is single family residence with certain exceptions or nonconforming uses. The Town is allegedly ninety-five to ninety-seven per cent developed. At the time appellee purchased the property in question (September, 1954) it was improved substantially as it is today. The private club to the west was in existence and the bank across 96th Street to the *22 north, in Bal Harbour, was under construction. After the appellee's purchase, the Singapore Hotel was constructed, and an addition was made to the Americana Hotel which is adjacent to the Singapore on the north.
The appellee contends that its property is hemmed in on the north and west by business properties, and by reason thereof, is out of character with its neighbors. It is also contended that the existence of large hotels like the Americana and the Singapore, as well as construction in the immediate area, has created a tremendous flow of traffic in front and along side of the appellee's property, and that to maintain the present zoning use amounts to an unreasonable and arbitrary deprivation of appellee's property rights; that there is no other property identically zoned.
We have examined the exhibits, including the plats, the photographs, etc., as well as the testimony of the experts adduced by both sides, and conclude that the chancellor was in error in failing to apply the "fairly debatable rule." See Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108. We feel that the chancellor was probably influenced in reaching his decision by the growth of commercial properties located in Bal Harbour, a municipality to the north. The fact that properties located in adjacent municipalities may have contrasting uses is not sufficient in our view to warrant a change of zoning or to support a finding of unreasonableness. It was incumbent upon the appellee to demonstrate that the zoning ordinance, as applied to its property by the municipality wherein the property is located, was unreasonable and arbitrary. Municipalities, just as zoning districts, must have dividing lines; nevertheless, it is not sufficient to sustain the nullification of a zoning ordinance by showing that the property in question is located on the border of another district which permits a higher use. The Supreme Court of Florida, in City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442, 444, in commenting on this subject, said:
"Prior to the commencement of this litigation in the lower court, 75th Street was the dividing line between business and one family residential districts. The record shows that the City authorities selected this wide street, which did not extend all the way to the ocean, as the logical dividing line between districts. It is trite to observe that in zoning a city into various use districts there must be a dividing line somewhere. The selection of such a line involves the exercise of the legislative power and is a problem peculiarly within the power of the legislative body of a municipality."
The appellee relies to some extent upon Lippow v. City of Miami Beach, Fla. 1943, 68 So.2d 827. That case, we feel, is distinguishable on the facts from the case at bar. The following were the facts in that case: Lippow owned a parcel of land in Miami Beach zoned for hotels and apartments, and on which was located a dwelling house. Across the street, the entire block was zoned for business. The property adjacent on the south was zoned business and to the north and west were public parking areas. The land in the block across the street had been recently rezoned to business and during the pendency of the rezoning proceedings, Lippow's property was rezoned from residential to apartments and hotel use. It was shown that a large department store was about to be constructed in the block across the street and that there was no other property in the immediate area identically situated.
Upon the foregoing state of facts, the Supreme Court reversed a decree of the circuit court holding the zoning to be reasonable and valid. In so doing, the court observed that there was no relation whatever between the zoning sought to be applied to Lippow's property and the general welfare of the community. Such is not the situation in the case at bar.
The appellant Town, through its legislative body, selected the plan of zoning *23 and development. It has not been demonstrated that such plan of development and zoning was arbitrarily or unconstitutionally adopted or applied to appellee's property. Therefore, we do not see wherein it could be logically concluded that appellee's property should be exempt from the application of the zoning ordinance. To rezone this one lot in a block containing eleven similar lots could set off a chain reaction which might result in complete emasculation of the master plan of zoning and development which the Town has consistently followed.
Considering the conclusions reached, we find it unnecessary to discuss the appellant's remaining contentions.
For the reasons expressed, we conclude that the decree appealed should be and it is hereby reversed with directions to dismiss the bill of complaint.
Reversed with directions.
CARROLL, CHAS., J., and MILLEDGE, STANLEY, Associate Judge, concur.