130 So.2d 306 (1961)
George FRIEDLAND, Samuel Friedland, and Louis Stein, Appellants,
v.
CITY OF HOLLYWOOD, a municipal corporation organized under the laws of the State of Florida, Edward P. Naus, and Harry Friedberg, on their behalf and on behalf of parties similarly situated, Appellees.
CITY OF HOLLYWOOD, etc., Appellant,
v.
George FRIEDLAND, Samuel Friedland, and Louis Stein, Edward P. Naus and Harry Friedberg, etc., Appellees.
Nos. 2015, 2020.
District Court of Appeal of Florida. Second District.
May 24, 1961.
*307 Judson A. Samuels, Hollywood, for appellants Friedland and Stein.
August C. Paoli, City Atty., Hollywood, for appellant City of Hollywood.
Ella Jo Stollberg, Hollywood, for appellees Naus and Friedberg.
SPOTO, I.C., Associate Judge.
This is an appeal to review a final decree which declared an ordinance granting a variance from existing zoning in the city of Hollywood to be null and void, and which enjoined the appellants Friedman and Stein from constructing a service station on the property pursuant to the variance. The ordinance was passed by the city commission of the appellant City of Hollywood on behalf of property owned by appellants Friedman and Stein, hereinafter called "owners". The appellees, plaintiffs below, are residents, taxpayers and property owners of the City of Hollywood, whose property is in the vicinity of the owners' property herein involved and alleged damage to their property as a result of the granting of the variance. Appellants, defendants below, took separate appeals from this decree, which appeals are here considered together.
In 1956 the owners purchased the property in question, Lots 1 and 2 of Block 16, Beverly Beach Subdivision, subject to the zoning as it then stood. In 1958, the owners petitioned the Zoning and Planning Board of the City of Hollywood to change the *308 zoning in question or grant a variance authorizing construction of a service station for vehicular and marina traffic. This board, after a public hearing, denied these requests and the owners appealed this decision to the City Commission of the City of Hollywood. The city commission then enacted the ordinance in dispute, granting the owners a variance authorizing the construction of the service station. The appellees then filed a chancery suit to have the ordinance declared null and void and to enjoin the construction of the service station and after a hearing the Court entered the decree appealed from.
The appellants submit four points for our consideration. First, the appellant, City of Hollywood, maintains that by its charter, it has the power to grant such variances. Second, both appellants contend that the ordinance is valid because it was properly passed by the city commission and the evidence adduced at the final hearing does not support a finding that the ordinance was null and void. Third, the appellants contend that the appellees have not sustained special injury and damage to permit them to maintain these proceedings, and finally, the appellant-owners contend that the appellees are estopped from maintaining these proceedings by their conduct in waiting until the commencement of construction before filing their injunction suit.
As to the contention of the City of Hollywood that it has the power to grant such variances, the appellees do not question that power and nothing appearing in the record to the contrary, we must assume that the city commission does have such authority.
On their second point, the appellants' main contention is that in granting the variance, the city commission acted properly after a full public hearing and that under the "fairly debatable" rule, the decree of the trial court amounts to a substitution of its judgment for that of the municipal legislative body which possesses the power and is charged with the duty of enacting zoning legislation. With this contention we cannot agree. Zoning boards are in the same category as all other administrative boards and their ordinances and regulations will be given serious consideration and their judgments great weight, but where it is conclusively shown that they deprive one of his property without due process or otherwise infringe on state or federal constitutional guarantees unreasonably, such ordinances and regulations cannot be said to be fairly debatable and will be stricken down. The property in dispute was zoned B A A in 1951. There is no showing of any material change in the property or the neighborhood since it was zoned. A city cannot, by a so-called "variance", change the basic-use zoning classification by permitting the erection and operation of a business that is otherwise prohibited by such zoning. The appellants purchased the property in 1956 subject to the existing zoning and they cannot now come into court and claim a hardship. Equity will not grant relief from a "self-created" hardship. See Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849; Josephson v. Autrey, Fla. 1957, 96 So.2d 784, and the cases therein cited. The B A A classification authorizes numerous light commercial uses and the record sustains appellees' contention that the property can be used for any one of a number of these uses. The mere fact that it may have a higher pecuniary value with a different zoning is not alone a determining factor. See Snipes v. City of Hialeah, Fla.App. 1959, 114 So.2d 214; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442; and Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108.
Apparently what has been done in this case is to use the variance procedure as a means of effecting a change in the zoning of two city lots which do not appear to have any unusual or peculiar differentials from the properties surrounding them. In the case of Elwyn v. City of Miami, supra, a *309 similar problem was dealt with and in defining the hardship to authorize a variance, the Court said:
"* * * The authorities seem uniform on the proposition that the difficulties or hardships relied on must be unique to the parcel involved in the application for the variance. They must be peculiar to that particular property, and not general in character, since difficulties or hardships shared with others in the area go to the reasonableness of the zoning generally, and will not support a variance. If the hardship is one which is common to the area the remedy is to seek a change of the zoning for the neighborhood rather than to seek a change through a variance for an individual owner. * * *" [113 So.2d 851].
The scope of power of boards of adjustment or boards of appeals was determined in the well-considered case of Josephson v. Autrey, supra. In that case the matter at hand was discussed in the following words:
"* * * While admittedly there are some authorities which appear to the contrary, it is our view that the numerical weight as well as the better-reasoned decisions adhere to the rule that a zoning board of appeals does not have the power to effectuate a pro tanto amendment of the basic zoning ordinance by authorizing a nonconforming use in a zoning district where such use is unauthorized.
* * * * * *
"* * * Boards of adjustment or zoning boards of appeals are customarily provided for by the ordinances to examine into situations where strict adherence to the letter of the ordinance would produce a unique or special hardship on the particular property owner. Implicit in this authority to the appeals board is the necessity for a unique hardship as well as a recognition of some restriction that would forestall the exercise of legislative power by a non-legislative agency. Historically, these appeals boards may grant relief in connection with such problems as setback lines, area and height restrictions, sidelot lines and the like when not contrary to the public interest. * * *" [96 So.2d 787.]
As to the appellants' third point, that is, that the appellees have not sustained special injury and damage to permit them to maintain these proceedings, the instant case is not one dealing with the violation of a zoning ordinance, but one which challenges the validity of an amendatory zoning ordinance, which by granting a variance amounting to spot zoning, permits appellants to put their property to a liberal business use (service station for vehicular and marina traffic), prohibited in the more restricted B A A classification for which the area involved is zoned. The right of an adjacent or nearby home owner directly affected by an alleged improper intrusion of such liberal business to challenge the validity therof, is recognized. See Wags Transportation System, Inc. v. City of Miami Beach, Fla. 1956, 88 So.2d 751; Hartnett v. Austin, Fla. 1956, 93 So.2d 86, and Elwyn v. City of Miami, supra. The appellees own property in the vicinity of the property in dispute. They have a right to rely on existing zoning conditions and they have a right to a continuation of these conditions in the absence of a showing that the change requisite to an amendment has taken place. Certainly the appellees have a right to come into a court of equity to seek relief. True, their rights are subject to the power of the city to amend the ordinance on the basis of a proper showing. Nonetheless, they have a right to insist that the showing be made.
On appellants' last point, they contend here for the first time that the appellees are estopped because they waited until construction was commenced before instituting the injunction suit. This question is *310 raised for the first time in this court. Aside from that, it may be noted that the suit was filed three days after construction was commenced and further, the record is clear that the appellants were on notice of the objection of the appellees to the variance and to the erection of a service station on the site.
The chancellor ruled correctly in holding the ordinance invalid and enjoining the construction of the service station.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.