BARKDULL, Chief Judge.
The appellant herein is seeking review of an order of a chancellor, which dismissed his complaint to require appellee to rezone a portion of his property from single family residential use to a limited business use. The property involved is located in Coral Gables, Florida, and is bounded on the north by Bird Road and residential area for approximately 22 blocks to the north; on the east by Alhambra Circle and residential area 12 blocks to the east; on the South by Algardi Avenue and residen *147 tial property extending 22 blocks to the south, and on the west by Red Road, which is the geographical division between the municipality of Coral Gables and the City of South Miami immediately to the west and the unincorporated area of Dade County along the westerly portion of Red Road [which is not within the City of South Miami], As a ground for the rezoning sought, the appellant cites the business uses of the property across Red Road and on the west side thereof in the City of South Miami, and a large shopping center located in the northwest quarter of the intersection of Red and Bird Roads in the unincorporated area of Dade County, Florida.
We have examined the record on appeal and conclude that the lower court was correct in denying the relief sought. The fact that business uses are permitted upon properties which are not located within the City of Coral Gables, even though across Red Road from appellant’s property, will not in and of itself support a zoning change and no abuse of discretion has been shown in the chancellor’s refusal to grant the relief sought. See: Town of Surfside v. Skyline Terrace Corp., Fla.App.1960, 120 So.2d 20, wherein this court stated:
# * *
“ * * * The fact that properties located in adjacent municipalities may have contrasting uses is not sufficient in our view to warrant a change of zoning or to support a finding of unreasonableness. It was incumbent upon the appellee to demonstrate that the zoning ordinance, as applied to its property by the municipality wherein the property is located, was unreasonable and arbitrary. Municipalities, just as zoning districts, must have dividing lines; nevertheless, it is not sufficient to sustain the nullification of a zoning ordinance by showing that the property in question is located on the border of another district which permits a higher use. * * * ”
* * *
Furtherfore, to permit the business zoning requested by the appellant would, in effect, be the introduction of a “cancer” and spot zoning in a residential area which could set off a chain reaction, ultimately resulting in complete enervation of the master plan of zoning and development to which the City has consistently adhered.
The appellant has also raised the question of the failure of the chancellor to permit into evidence a report prepared by certain engineers employed by the City. There was no opportunity to cross-examine the author of the report and, same not being a part of the public records, no error was shown in the chancellor’s ruling in refusing to permit its introduction.
Affirmed.