189 So.2d 386 (1966)
CITY OF SOUTH MIAMI, a Municipal Corporation of the State of Florida, Appellant,
v.
Alexander W. ALVIN, and Dorothy W. Alvin, His Wife, Appellees.
No. 65-972.
District Court of Appeal of Florida. Third District.
July 12, 1966.
Rehearing Denied September 7, 1966.
*387 George B. Hardie, Jr., So. Miami, for appellant.
Alvin & Kramer, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
This appeal brings on for review a final decree holding that any zoning maintained on the appellees' property as restrictive as residential use RU-1A is unreasonable, arbitrary and confiscatory. We reverse.
It appears from the record that the appellees, in the late 30's, purchased a tract of land at the northwest corner of the intersection of Ludlum Road and Sunset Drive, in the City of South Miami. That the property, at the time of the institution of this suit, was zoned as residential one acre estates. That, pending the litigation, the municipal authorities rezoned the property to a more liberal residential classification. The principal evidence relied on by the appellees to establish the arbitrariness and unreasonableness of this latter residential zoning was the impact of traffic in the area, the fact that they had not had any sales on that portion of the tract remaining [although it was apparent that over the years they had disposed of certain of the land they originally owned], and that there was a church erected in the residential zone on the land occupying the southwest corner of the intersection and a school occupying the land on the southeast corner of the intersection. The evidence further reflected that there was a residence situated on the land on the northeast corner. From a review of the record in its entirety, it is apparent that the entire area surrounding the property involved within the confines of the City of South Miami is residential in character.
The primary complaint of the appellees is the excess traffic and, undoubtedly, this does make the property less desirable than other residential land. However, this is not a sufficient reason to liberalize residential zoning. See: Freeman v. City of Yonkers, 205 Misc. 947, 129 N.Y.S.2d 703; Deligtisch v. Town of Greenburg, N.Y.S.Ct. 1954, 135 N.Y.S.2d 220; Page v. City of Portland, 1946, 178 Or. 632, 165 P.2d 280; 101 C.J.S. Zoning, § 95. Neither is the fact that rezoning will enhance the value of the property. See: Polk Enterprises, Inc. v. City of Lakeland, Fla.App. 1962, 143 So.2d 917; Burritt v. Harris, Fla.App. 1964, 166 So.2d 168.
We find that the zoning classification established by the City is within the fairly "debatable rule", as pronounced by the appellate courts of this State and, therefore, should be upheld. See: City of *388 Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442; City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473.
Therefore, for the reasons stated above, the final decree here under review is hereby reversed, with directions to dismiss the cause.
Reversed and remanded with directions.