213 So.2d 281 (1968)
F. Rouse SMITH and Annie Loys Smith, His Wife, and DeMaris Investing Co., a Florida Corporation, Appellants,
v.
CITY OF MIAMI BEACH, a Municipal Corporation Organized and Existing under the Laws of the State of Florida, and Alfred DeMaris and Inez DeMaris, His Wife, Appellees.
No. 67-549.
District Court of Appeal of Florida. Third District.
August 6, 1968.
Rehearing Denied August 27, 1968.
*282 Judith A. Brechner, Miami Beach, and Melvin I. Muroff, Miami, for appellants.
Joseph A. Wanick, City Atty., for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
BARKDULL, Judge.
This is another zoning case involving the City of Miami Beach. Several property owners brought an action seeking to have the zoning ordinance [which restricted the use of their property to single family residences] declared to be unconstitutional, confiscatory, etc. Following an extensive final hearing, the chancellor denied all the relief sought, save and except that sought by the plaintiffs, Alfred and Inez DeMaris, as to the particular piece of property upon which their residence is located. The remaining plaintiffs filed this apppeal,[1] and the defendant City crossassigned error as to the relief granted to the DeMaris' individually.
The property involved lies within a residential use district, which is located in the northeast portion of the City of Miami Beach.[2] It is approximately 12 blocks long and 2 1/2 blocks wide. The district is bounded by the Atlantic Ocean on the east, 76th Street on the south, the westernmost boundaries of lots facing Collins Avenue on the west and, generally, the northern extremity of the City to the north. The district is traversed north and south by Collins Avenue, a principle thoroughfare on Miami Beach and, partially, by Atlantic Way, which also runs north and south. The parcels involved were scattered throughout the district which has a municipal park, a public beach, numerous residences, and a number of unimproved lots located therein.
The chancellor declined to disturb the zoning as to any of the parcels situated in various locations throughout the district, but did require the City to relax its zoning as to the property owned by the DeMaris' individually [hereinafter referred to as the DeMaris property] which was situated along and about in the middle of the southern boundary of the district. We affirm his action in denying the zoning relief sought by the appellants. No further comment will be made in reference to these parcels on this appeal. Miami Beach United Lutheran Church of the Epiphany v. City of Miami Beach, Fla. 1955, 82 So.2d 880; Parking Facilities v. City of Miami Beach, Fla. 1956, 88 So.2d 141; City of Miami Beach v. Greater Miami Hebrew Academy, Fla.App. 1958, 108 So.2d 50.
As to the DeMaris' individual residential property, we reverse. This property was the subject matter of litigation between the DeMaris' and the City, which culminated in a final decree in favor of the City upholding its zoning ordinance in 1959. The parties conceded and the trial judge correctly ruled that the DeMaris' would only be entitled to relief because of change in circumstances since the prior proceedings. It is apparent that the only change that has occurred since the previous case has been the erection of an off-street parking lot by the City, immediately across the street and to the south of the DeMaris property, which is a use permitted under the City zoning ordinances in single family districts. The other complaints by the DeMaris', such as traffic noise and the fact that there were multiple family uses permitted in the district immediately south of their property, were all before the court in the prior proceedings *283 and should not have been determinative of this latter cause. City of Miami Beach v. Parking Facilities, Inc., Fla.App. 1960, 120 So.2d 209. For the DeMaris' to prevail, it was necessary for them to show circumstances which had materially changed since the earlier decision. City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473; City of Miami Beach v. Parking Facilities, Inc., supra.
The impact of the trial judge's striking down the single family restriction as applied to the DeMaris property, if permitted to stand, would constitute the first encroachment into this residential district from the south and would undoubtedly operate to require the striking down of the zoning ordinances as they apply to other property, either immediately to the north, east or west of the DeMaris property. In fact, to permit the DeMaris' to have multiple family zoning, while all the other properties surrounding their particular lot in the use district is restricted to single family residence, would be spot zoning at its worst. We find that the chancellor should have sustained the zoning as it applied to this parcel, the same as he did in denying the relief sought by the other property owners. Once multiple family uses are permitted to invade this exclusive residential district, it will pave the way for the residential zoning toppling to the north along Collins Avenue, like the proverbial house of cards.[3]
It is apparent that, in order to maintain the integrity of the entire use district, the boundary which has been set along 76th Street to the south should be maintained. Zoning ordinances are no different than any other municipal ordinance and are presumed valid and should not be interfered with by the courts, unless they are arbitrarily and unreasonably applied to a particular piece of property. The courts will not ordinarily substitute their judgment for that of the legislative body of a municipality. The time-honored test established by the United States Supreme Court is whether or not the particular ordinance, as applied to the particular piece of property, is "fairly debatable". If it is such it should be sustained. If it is not, the courts are justified in striking it down. However, it has many times been pointed out that the burden of parties seeking relief from a zoning ordinance as to a particular piece of property is an extraordinary one. Neubauer v. Town of Surfside, Fla.App. 1966, 181 So.2d 707. The appellate courts of this State have not hesitated to reverse a trial court when it has, by judicial decree, interfered with validly enacted zoning ordinances of a municipality. See: City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364, wherein the Supreme Court said, in finding that there must be a line drawn somewhere between use districts:
"* * * * * *
"At the juncture of these streets property which may be devoted to business abruptly ends and that which may be used for hotels and apartments as suddenly begins but there must be a line of demarcation between them somewhere. See State ex rel. Townsend v. Farrey, 133 Fla. 15, 182 So. 448; Zahn v. Board of Public Works, 195 Cal. 497, 234 P. 388. The fact that his land is situated across the street from that on which commercial enterprises may be operated was not alone enough to support plaintiff's position that he should be given the same latitude in the use of his property. Were this the case it would be but a matter of time before alterations of the whole scheme by successively liberalizing the use of abutting property would result in disintegration and disappearance of the whole plan of zoning.
"[2, 3] It is fundamental that one may not be deprived of his property without due process of law, but it is also well established that he may be restricted in the use of it when that is necessary to the *284 common good. So in this case we must weigh against the public weal plaintiff's rights to enjoy unhampered property acquired since the enactment of the ordinance. Such restrictions must find their basis in the safety, health, morals or general welfare of the community. State [ex rel. Taylor] v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406; Zahn v. Board of Public Works, supra.
"[4] In judging the merits of a controversy of this kind the facts peculiar to the particular case will govern (Blitch v. City of Ocala, supra) and the court will not substitute its judgment for that of the legislative body of the city. Miller et al. v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A.L.R. 1479. In view of the nature of Miami Beach it is not important to consider here the indispensability of the restrictions to the health, the safety, the morals of the community but only their necessity to the general welfare. We do not comprehend how it can be successfully urged that the maintenance of safety, health or morals are involved but only whether in the circumstances in this particular case the restrictions are so unnecessary to the general welfare of the inhabitants that the curtailment of the rights of the plaintiff are unreasonable and arbitrary.
"[5] We will determine the reasonableness of the regulations as applied to the factual situation meanwhile keeping before us the accepted rules that the court will not substitute its judgment for that of the city council; that the ordinance is presumed valid (State [ex rel. Taylor] v. City of Jacksonville, supra) and that the legislative intent will be sustained if "fairly debatable". Euclid [Ohio] v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016. * * *"
Also see: City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442, wherein the court again commented on a dividing line between districts, as follows:
"* * * * * *
"* * * It is trite to observe that in zoning a city into various use districts there must be a dividing line somewhere. The selection of such a line involves the exercise of the legislative power and is a problem peculiarly within the power of the legislative body of a municipality. It involves a high degree of legislative discretion and an acute knowledge of existing conditions and circumstances. If the fairly debatable rule is a sound one, and we have so held, there is no situation in the field of zoning in which it is more applicable than that involving the decision of where the dividing line between use districts should be placed. Recognizing the fundamental premise that there must be a line somewhere, the courts should be highly respectful of the decision of the legislative body which, under the law, is vested with the power and charged with the duty of zoning. The courts should tread lightly in this field and then only where the actions of the City Council are so unreasonable and unjustified as to amount to confiscation of property.[4]
See the following cases wherein trial courts have been reversed for interfering with the orderly zoning regulations of cities: City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307; City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493; Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108; City of Miami Beach v. Greater Miami Hebrew Academy, supra; Snipes v. City of Hialeah, Fla.App. 1959, 114 So.2d 214; Town of Surfside v. Skyline Terrace Corp., Fla.App. *285 1960, 120 So.2d 20; Neubauer v. Town of Surfside, supra; City of South Miami v. Alvin, Fla.App. 1966, 189 So.2d 386; City of Miami v. Zorovich, Fla.App. 1967, 195 So.2d 31.
During the oral argument of this cause, some reliance was placed by the appellants and the appellees, DeMaris', in a recent opinion of this court in Kugel v. City of Miami Beach, Fla.App. 1968, 206 So.2d 282. We have re-examined this opinion in light of the record in this case, and find it not to be applicable for several reasons. First, it is clear from the cited opinion that since the adoption of the zoning ordinances, a major traffic artery had been closed several blocks to the south of the property involved which resulted in the street bordering the Kugel property to the south being turned into a major east-west artery in the City of Miami Beach. This is not true in the instant case.[5] Further, the geography involved in the Kugel decision was the reverse of that involved in the instant matter. In the case of Kugel v. City of Miami Beach, supra, the property was located at the northeast corner of the intersection of Meridian Avenue and 17th Street. Across the street to the south, on the southwest corner, was a multi-storied office building; across the street to the east, on the northeast corner, was a multi-storied bank with office facilities; across the intersection to the southeast corner was a large, multi-storied mercantile building. The property to the north of the Kugel property was zoned multi-family and contained many multi-storied buildings. The opinion merely held that the Kugel property was no longer subject to being limited to residential use. Without relief from the courts, the Kugel property constituted spot zoning in reverse. We find the opinion not to be controlling in the instant cause.
Therefore, we affirm the chancellor's denial of the relief sought as to the appellants, F. Rouse Smith, Annie Loys Smith, and DeMaris Investing Co., and reverse the decree granting relief to the appellees, Alfred DeMaris and Inez DeMaris, and return the matter to the trial court with directions to dismiss the cause with prejudice.
Affirmed in part; reversed in part, and remanded to the trial court with directions.
NOTES
[1] Pursuant to Rule 3.11, subd. a, Florida Appellant Rules, 32 F.S.A., the DeMaris', individually, became appellees.
[2] This is the last remaining single family use district bordering the Atlantic Ocean in the City of Miami Beach.
[3] Compare: Harris v. City of Coral Gables, Fla.App. 1963, 157 So.2d 146.
[4] In this opinion, the Supreme Court was speaking of the same area involved in the instant appeal. At that time the dividing line to the south was 75th Street and, during the progress of the cited case, it was moved north to 76th Street, where it is at the present time and where it has remained since 1955. An explanation as to how the change occurred is contained in the cited opinion.
[5] Traffic alone not enough to cause change in zoning. See: Snipes v. City of Hialeah, supra; City of South Miami v. Alvin, supra; 101 C.J.S. Zoning § 95.