PER CURIAM.
By this appeal, the appellants [plaintiffs in the trial court] seek review of an adverse final judgment wherein the trial court held valid a City of Miami zoning classification of appellants’ property. They sought a change from residential to multiple family.
The property involved is located along Biscayne Bay in the southern portion of the City of Miami. It is a rectangular parcel, generally lying in a northwesterly-southeasterly direction between South Bay-shore Drive and Biscayne Bay. It contains approximately ten acres. The property is completely surrounded by residential zoning to the northeast; immediately adjacent to the property are residences. Immediately adjacent to the southwest, part of a private school is located [which is a recognized use within a residential district]. Immediately south of the school property there is another developed residential subdivision of single family residences. To the southwest of this, along the bayfront, the City of Miami is developing a park and recreational and marina facilities, and the City is in the process of acquiring land for this purpose at this time. The general area involved in the use district has been built up with single family residences, although the City has seen fit to relax the zoning in certain areas in the vicinity to the northeast along the bay for multiple use.
It may well be that the area in which the subject property is located should be reexamined by the Planning and Zoning Board of the City of Miami and the City Commission to determine whether or not single family residential zoning is still applicable to this entire use district. However, it appears that at the present time the applicability of the zoning to the tract in question is “fairly debatable” and, therefore, the court should not interfere with the wisdom of the legislative body of the City in continuing this zoning on this parcel. Without a change in the entire surrounding area, to permit the zoning to be altered on the parcel involved in this litigation would constitute spot zoning and, therefore, we refuse to interfere with the action of the trial judge in upholding the zoning classification. Harris v. City of Coral Gables, Fla.App.1963, 157 So.2d 146; City of South Miami v. Alvin, Fla.App.1966, 189 So.2d 386; Smith v. City of Miami Beach, Fla. App.1968, 213 So.2d 281, (opinion filed August 6, 1968).
Affirmed.