224 So.2d 781 (1969)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
C.E. GREENLEE, Appellee.
No. 69-27.
District Court of Appeal of Florida. Third District.
July 1, 1969.
Rehearing Denied July 25, 1969.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Horton & Schwartz, Miami, and Sylvester P. Adair, Homestead, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
Metropolitan Dade County appeals from an adverse final judgment for plaintiff below, C.E. Greenlee. The trial judge's findings were that the zoning classification on plaintiff's property [EU-1], which permitted its use only for a single family residence on a one acre tract, was unreasonable, arbitrary and confiscatory and that the county zoning resolution applicable to the property was not fairly debatable. He adjudicated the zoning resolution to be void and directed Dade County to forthwith rezone plaintiff's property to a more liberal use.
On appeal, the county argues the doctrine of administrative res judicata and that the proper method of review was by certiorari and not by appeal. We pretermit the able arguments advanced as to the doctrine of administrative res judicata and the propriety of the method used to review this final *782 judgment for reasons set forth hereafter. We note, however, that plaintiff's complaint was before us previously on an interlocutory appeal. Metropolitan Dade County v. Greenlee, Fla.App. 1968, 213 So.2d 485.
The plaintiff owns approximately ten acres of land which is bordered on the north by S.W. 272nd Street, hereinafter called Epmore Drive and on the east by Krome Avenue (State Road 27) both of which are two lane roads. The property is located north of the City of Homestead, Florida, in the unincorporated area of Dade County, Florida, approximately 20 miles south of the City of Miami. The plaintiff's complaint allegedly sought relief only as to the two and one-half acres of his ten acre tract which was located at the immediate southwest corner of the intersection. Plaintiff wanted it changed to BU-2. On the southeast corner of the intersection of Krome and Epmore is vacant and unimproved land on which there is growing scrub palmetto and pine trees. It is zoned EU-1 on Krome and Epmore. On the northeast corner there is a filling station and grocery store at which alcoholic beverages are sold and which were there before the enactment of zoning laws in the unincorporated areas of Dade County. The county ultimately zoned this specific property from its prior non-conforming use to BU-2. On the northwest corner of the intersection, the property is zoned RU-2. It consists of a CBS home in which the county permits a special exception for the operation of a massage parlor. There are no signs advertising or indicating that the property is used as a special exception business.
A review of the testimony and photographs in evidence reveals that this particular area is sparsely settled and is primarily used for residential, farm and agricultural purposes. Plaintiff, like his neighbors to the south and others nearby, appears to have some reasonable or beneficial use for most of his property. He resides on the westerly part and uses about eight acres of it for agricultural purposes. The two and one-half acres at issue herein are developed as a lime grove. He acquired the land in 1937 and its present zoning classification was enacted in 1948.
The plaintiff contended, and the final judgment indicated that the heavy traffic on Krome Avenue was a factor in arriving at the decision to require a rezoning. Generally, excess traffic alone is not a sufficient ground to authorize a change in residential zoning. See City of South Miami v. Alvin, Fla.App. 1966, 189 So.2d 386; Snipes v. City of Hialeah, Fla.App. 1959, 114 So.2d 214; Bessemer Properties, Inc. v. Miami Shores Village, Fla.App. 1959, 110 So.2d 87.
In City of Miami v. Zorovich, Fla. App. 1967, 195 So.2d 31, 36, we held:
* * * * * *
"* * * A zoning ordinance is not invalid merely because it prevents the owner from using the property in the manner which is economically most advantageous. If the rule were otherwise, no zoning could ever stand.

* * * * * *
"The substance of plaintiffs' witnesses' testimony in this regard was that the use of the property for a motel was the highest and best use from an economic point of view. The rule that the deprivation of the highest economic use of the land is not of itself a predicate for the invalidity of a zoning classification is implicit in the holding of the Supreme Court of Florida in Forde v. City of Miami Beach, which is quoted, supra. The Court stated that `* * * if the application of the zoning ordinance has the effect of completely depriving an owner of the beneficial use of his property by precluding all uses or the only use, to which it is reasonably adapted * * *' an attack upon the zoning classification will be sustained. Thus, if it is necessary to show a complete deprivation of the beneficial use, it stands to reason that the deprivation of one use, even though the most economically fruitful use, will not be sufficient.

*783 * * * * * *
"It has long been settled in Florida that zoning regulations which promote the integrity of a neighborhood and preserve its residential character are related to the general welfare of the community and are valid exercises of the legislative power."
* * * * * *
In McCormick v. City of Pensacola, Fla. App. 1968, 216 So.2d 785, the factual situation weighed more strongly in favor of the property owner than it does in the instant case. There, the trial court denied the prayer for relief by the property owners and they appealed. The parties were owners of lots in a developed subdivision in Pensacola and occupied and maintained their residences thereon. The property was zoned for residential use only and the lots were restricted by covenants limiting their use for residential purposes. The opinion stated, in part:
* * * * * *
"Appellants' lots are located adjacent to the intersection of two four-lane arterial thoroughfares. The proof fairly establishes that when they originally purchased their property it was in a quiet residential neighborhood and the streets providing access to the subdivision carried only a normal amount of traffic. Since that time, however, the City widened the two streets bordering their property which now carry an extremely heavy flow of traffic moving both north and south as well as east and west through that section of the City. In addition, the two corners of the intersection on the opposite side of the four-lane street bordering appellants' property on the east in an area zoned residential have been rezoned commercial in accordance with a prior nonconforming use and are now occupied by filling stations and a shopping center.
"Appellants contend that the proof establishes there has been a change in the condition of the neighborhood as a result of the increased flow of traffic by their homes and by the commercialization of the two corners of the intersection across the street from the subdivision in which their property is located. Appellants urge that as a result of the change in condition the property owned by them is no longer suitable for residential purposes as it was before the change took place, and that the highest and best use to which their property is adapted is for commercial as distinguished from residential purposes. * * *" Id., at 786.
After reciting these facts, the court therein determined that the matter was fairly debatable and that the doubt should be resolved in favor of the validity of the zoning ordinance, citing City of Miami Beach v. Lachman, Fla. 1954, 71 So.2d 148 and City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493.
The fairly debatable doctrine has been followed by this court in Metropolitan Dade County v. Kanter, Fla.App. 1967, 200 So.2d 624, and has been recently reiterated by the Supreme Court of Florida in City of St. Petersburg v. Aiken, Fla. 1968, 217 So.2d 315, wherein it approved the fairly debatable rule as set forth in Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281.
For these reasons, we find that the zoning classification placed on this specific property by Dade County was fairly debatable and there was insufficient proof in the record that it was confiscatory in effect. Under these facts and the aforesaid authorities the final judgment must be reversed. This appeal is, therefore, reversed and remanded with instructions to dismiss the cause.
It is so ordered.