WALDEN, J.
(dissenting):
I respectfully dissent. The property owner was not entitled to a variance relieving it of the necessity for providing off-street parking, either as a matter of fact or law.
The only basis for such variance is the economic advantage which would accrue to the property owner and this is not sufficient. Dade County v. Frank N’ Bun Operating Co., Inc., Fla.App.1964, 169 So.2d 875; Board of Adjustment of City of Fort Lauderdale v. Kremer, Fla.App.1962, 139 So.2d 448; Friedland v. City of Hollywood, Fla.App.1961, 130 So.2d 306. As a selfish practical matter, probably each individual property owner would like to be relieved of providing off-street parking and leave the parking problem to his neighbors and the city.
Here, the requirement was in existence when the owner purchased the property and hence the problem, if that’s what it is, was self-imposed and there has been no legal waiver as to it. Such circumstance bars the owner from variance relief. Josephson v. Autrey, Fla.1957, 96 So.2d 784; Elwyn v. City of Miami, Fla.App.1959, 113 So.2d 849; Crossroads Lounge, Inc. v. City of Miami, Fla.App.1967, 195 So.2d 232; and Friedland v. City of Hollywood, supra.
Under these circumstances, Government, and particularly here the Zoning Board of Adjustment, should be supported in its effort to relieve the problems and stresses brought about by urbanization and increased vehicular traffic and not just overruled piecemeal because it would help a given owner out of a dilemma which he knowingly created.
I would reverse the judgment and thereby affirm the action of the Zoning Board of Adjustment in its effort to uphold its zoning restrictions and require the property owner to provide off-street parking for three cars.