PER CURIAM.
This is an appeal by Dade County, respondent in the trial court, from an order granting a petition for writ of certiorari. The writ granted Arthur R. Miller, as trustee, relief from resolutions of the Zoning Appeals Board (ZAB) and the County Commission denying a zoning change from GU (interim) and AU (agricultural) to IU-1 (industrial and light manufacturing) for the five acre parcel of land, fronting on the west side of northwest 27th Avenue at 15100 Northwest 27th Avenue, in unincorporated Dade County.
The area surrounding the land in question consists of residential neighborhoods to the east and west, and commercial and industrial development to the north and south. Immediately adjacent and to the north of the petitioner’s land, there is a roof truss factory and warehouse with *419 parking and storage lots. Beyond the roof truss plant, on the same side of 27th Avenue, going further north, is a fast food franchise, gasoline station, an old shopping center, partially vacant and deteriorated, and a recently vacated and closed supermarket. The entire'property facing N.W. 27th Avenue, all the way north to highway 836 (Palmetto Expressway) is zoned for business, BU-3 or BU-2. The Opa Locka Industrial Park is composed of warehouses, plants, and industrial factories and is located diagonally across 15lst Street from petitioner’s 5-acre parcel. The Opa Locka airport is approximately one mile away from petitioner’s land, and has one of its flight paths directly overhead.
The petitioner acquired the land in 1973 from the Police Benevolent Association (PBA). The north portion of the land is vacant and undeveloped. On the south portion, there stands a concrete block structure built by the PBA to serve as a clubhouse. The building is now under a 7 year lease to a non-profit charitable organization for use as a drug rehabilitation center.
Petitioner Miller submitted an application seeking a zoning change to IU-1 in order to utilize the property for small bay single level warehouses, a use of the land which, he contends, is consistent with the nature of other N.W. 27th Avenue frontage and the development to the north and southeast. The zoning director, the planning director and the Zoning Appeals Board all recommended denial of the application for industrial use. The ZAB passed a resolution denying, without prejudice, Miller’s application. Approximately one month later, the Board of County Commissioners also passed a resolution denying the application.
The County Commission, on the record, conceding that the property should not be zoned RU-1 (single family residential), or GU and AU, offered the petitioner a rezoning to RU5A, which would include semi-professional business offices. The petitioner turned down the offer. Upon denial of the application, without prejudice, petitioner proceeded to file a petition for certiorari in Dade County circuit court, which was granted. In quashing the resolutions of the ZAB and the Board of County Commissioners, the circuit judge made findings of fact that the area along 27th Avenue is already commercially and industrially developed; . that the development proposed by Miller is in conformity with the present and probable future uses of the area; that the residential areas are adequately buffered and that any zoning classification more restrictive than IU-1 would be arbitrary and unreasonable. He then ordered and adjudged that the resolutions of the ZAB and the County Commission are
“. . . arbitrary, unreasonable, discriminatory, invalid and without substantial relationship to the public health, safety, welfare and morals, amounting to a confiscation of Petitioner’s property, and that the denial of a zoning category not less liberal than IU-1 is neither fairly debatable nor based upon competent substantial evidence, under the circumstances, development, and traffic patterns, combined with the existence of the adjacent roof truss factory, nearby commercial development, and the Opa-Locka Industrial Park, located across the street’ from the subject property. The requested zone category change to IU-1 is- compatible with the surrounding area’s use and potential future use; and a use category and (sic) less liberal deprives Petitioner of the use of his property.
3. The Court recommends that the only protection necessary to the residences to the west and southwest is a limitation upon Petitioner’s right to ingress and egress to 151st Street, which limitation is acceptable to Petitioner.
4. Thereupon, the Resolutions of the ZAB and County Commission are hereby quashed and this matter is hereby remanded to the Dade County Commission, *420 which shall forthwith in accord with this Order and Writ rezone to a zoning classification not less liberal than IU-1, with the further recommendation that the Commission consider imposing a limitation and/or restriction upon the use of 151st Street for ingress and egress, as the County Commission, in the exercise of its legislative power, shall determine to be appropriate therefore.”
Having carefully studied the record on appeal and considered the briefs and arguments presented by counsel, we agree with the trial court and affirm that portion of the order determining the present zoning classifications of GU and AU to be unreasonable and confiscatory. We also agree that RU-1 would be confiscatory. However, we are of the opinion-that IU-1 zoning for industrial use of the property is unreasonable because of the surrounding residential development. In rezoning the land to IU-1, the trial court has eliminated any intermediate categories of zoning classification which might be more reasonable, such as BU-2 & 3. Petitioner has failed to substantiate with competent evidence that all uses of the property other than IU-1 would be confiscatory in nature.
The fact that industrial uses are permitted in the Opa-Locka Industrial Park, located in Opa Locka, and not a part of unincorporated Dade County, even though diagonally across 151st Street from petitioner’s property, will not in and of itself support a zoning change to an industrial classification. See Harris v. City of Coral Gables, Fla.App.1963, 157 So.2d 146. The fact that the property in question is located on the border of another district which permits a higher use is not sufficient to warrant a change of zoning. See Town of Surfside v. Skyline Terrace Corporation, Fla.App.1960, 120 So.2d 20.
Having determined that the GU and AU zoning is unreasonable and restrictive as would be RU-1, but that IU-1 is too liberal as not being consistent with the surrounding area, we reverse the order in this respect and remand the cause to the trial court to amend its order to the extent of requiring the proper legislative authority to re-zone petitioner’s property to a classification compatible with the BU2 and BU3 zoning along 27th Avenue.
Affirmed in part, reversed in part and remanded with directions.