## MUSGROVE, et al. v DADE COUNTY, etc., et al.

### Case No. 86-092 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

January 20, 1987

### APPEARANCES OF COUNSEL

**John G. Fletcher** for appellants.

**Sheridan K. Weissenborn** for appellees.

Before TENDRICH, FEDER, SHAPIRO, JJ.

### OPINION OF THE COURT

RICHARD Y. FEDER, Judge.

The within matter is an appeal from the granting of a rezoning by the Dade County Commission. We reverse.

The property in question, as rezoned, would be an 8.5 acre commercial island floating in a sea of residential and agricultural properties. Although there are adjoining properties used as religious houses of worship or educational institutions, such uses are consistent with the character of the residential and agricultural neighborhood. The within hundred and forty thousand square foot office complex is not.

The litmus test to be applied by this court is the "fairly debatable" one; i.e., whether the action of the Commission, in light of the evidence, neighborhood, master plan, etc., is one where reasonable people could fairly debate the merits of the action taken or whether it was arbitrary and capricious. See *Skagg's-Albertson's v. ABC Liquors, Inc.*, 363 So.2d 1082 (Fla. 1978), *City of Miami Beach v. Lachman*, 71 So.2d 148 (Fla. 1953), *Smith v. City of Miami Beach*, 213 So.2d 281 (Fla. 3d DCA 1968). This court cannot sit as a second County Commission disagreeing with arguably reasonable decisions of that legislative body. The court must act as a judicial branch, not a legislative one.

If the decision below is reasonably based, even though this court might have reached an opposite result, affirmance is required. *Wolff v. Dade County*, 370 So.2d 839 (Fla. 3d DCA 1979).

Examining the record and using the above guidelines, this court finds that the decision to rezone this property is not based on reason, nor could reasonable people debate it—fairly or otherwise. Therefore, the decision to rezone this property must be reversed and this court is required to surgically excise this carbuncle before it can infect the entire neighborhood.

M.J.L. Tendrich, J., dissents.