311 So.2d 137 (1975)
Robert R. TRACHSEL and Richard I. Bienema, Appellants,
v.
The CITY OF TAMARAC, a Municipal Corporation of the State of Florida, Appellee.
No. 73-731.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
Rehearing Denied May 6, 1975.
*138 Richard W. Riddle of Coleman, Leonard, Morrison & Riddle, Fort Lauderdale, for appellants.
Michael E. Zealy, Fort Lauderdale, for appellee.
OWEN, Chief Judge.
In this zoning case, appellants, as owners of a parcel of land in the City of Tamarac, had sought unsuccessfully to have the City's zoning ordinance No. 72-6 declared unconstitutional, either in its entirety, or as applied to their property.
Appellants acquired title to the parcel of land in question in 1968. At that time the property was zoned C-1, a general commercial zone under then existing zoning ordinances. Under the C-1 classification, such uses as banks, motels and restaurants with attendant liquor licenses were not excluded. *139 None of the adjacent property was developed other than the area immediately to the southwest which was zoned for and developed as a single family residential area.
By 1972, when the City of Tamarac, as mandated by its city charter, adopted the comprehensive zoning ordinance in question (No. 72-6), considerable growth had taken place in the area during the four years since appellants had acquired their property. The Sunshine State Parkway, which abutted appellants' property on the northwest side, had constructed an interchange north of appellants' property and an overpass for Commercial Boulevard extension (which abutted appellants' property on the northeast side), as a result of which Commercial Boulevard had become a main arterial highway; across Commercial Boulevard from appellants' property a large shopping center had been built; between it and the turnpike interchange a multi-family dwelling complex was being constructed. Ordinance No. 72-6 adopted the fifteen zoning classifications used by Broward County Zoning, as compared with only the four zoning classifications which had existed under the City's prior zoning ordinances. Appellants' property was reclassified as B-1 (designated as "neighborhood business"), which zoning excluded banks, motels and the sale of alcoholic beverages in conjunction with restaurants. This suit was filed after appellants had made an unsuccessful attempt through administrative procedures to have their property reclassified for general business use.
Appellants' first point is that in order for a city to rezone property of its own initiative or at the request of parties other than the property owners, it is necessary that the property have undergone change so as to justify the rezoning. Appellants cite a number of cases in which a change of surrounding conditions has, in fact, been the basis for granting a zoning amendment, but these cases stand only for the proposition that a change in the neighborhood may be grounds for rezoning, not that a change is a prerequisite for rezoning. Appellants next cite five cases in which, they claim, rezoning was denied for the lack of a showing of a change in circumstances. In three of those cases, City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148, County of Brevard v. Woodham, Fla.App. 1969, 223 So.2d 344, and Metropolitan Dade County v. Kanter, Fla. App. 1967, 200 So.2d 624, no mention is made of any necessity for a showing of changed circumstances. These cases rely entirely upon an application of the "fairly debatable" rule and conclude that the evidence was fairly debatable so as to sustain the zoning regulations involved. In the other two cases, Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281, cert. disch. Fla. 1969, 220 So.2d 624, and Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108, the failure to show changed circumstances was cited as fatal to the landowners' rezoning request, but only because, in both of these cases, there had been prior court proceedings in which the challenged zoning classifications had been judicially sanctioned, and thus the courts were bound by the doctrine of res judicata to uphold such classifications until such time as changed circumstances warranted a different result.
While appellants' contention does have support in a substantial number of jurisdictions, the matter appears to be settled in Florida contrary to their position. See, e.g., Oka v. Cole, Fla. 1962, 145 So.2d 233 and Mailman Development Corporation v. City of Hollywood, Fla.App. 1973, 286 So.2d 614. In Oka v. Cole, supra, the Florida Supreme Court stated, at page 235:
"Fundamental to the district court's conclusion is the assertion that an amendatory ordinance is unauthorized in the absence of a change in character and use of an area intervening between enactment of a comprehensive zoning plan and an attempted change or amendment. While such change is often the predicate *140 for an amendment, we find no authority in our decisions or elsewhere to the effect that it is indispensable, that vested rights can accrue to neighboring owners, or that ordinances altering zoning restrictions are to be tested by any standard other than that applicable to zoning classification generally, i.e. that the restriction imposed shall not be arbitrary but reasonably related to the public health, safety or welfare." [Footnotes omitted]
Although we feel that this decides the foregoing point, it might be said that in any event the point is moot in this case because all parties agree that in the interval between appellants' purchase of the property and the enactment of ordinance No. 72-6 there has been a significant change in the character of the surrounding property. In fact, it is this very change towards greater commercialization of the area which appellants contend required more liberal  not more restrictive  rezoning, if any rezoning at all was to take place. Restated, appellants' position would be that the rezoning that did occur was, under the circumstances, arbitrary and not reasonably related to the public health, safety or welfare. This requires a consideration of the evidence to determine if there was before the trial court substantial competent evidence to support the trial court's finding that the question of whether the ordinance was reasonably related to public health, safety or welfare was "fairly debatable".
It is well settled in Florida that zoning regulations which promote the integrity of a neighborhood and preserve its residential character are related to the general welfare of the community and are valid exercises of the legislative power. City of Miami Beach v. Zorovich, Fla.App. 1967, 195 So.2d 31; County of Brevard v. Woodham, supra. It is also settled that zoning regulations may be employed to protect the economic value of existing uses and to avoid serious traffic congestion. City of Miami Beach v. Lachman, supra; County of Brevard v. Woodham, supra. The record in the case at bar shows that the subject property was placed in the B-1 classification, the most restrictice of commercial zones, to accomplish just such purposes, because it abutted an existing single family residential district on one side and was across Commercial Boulevard from existing commercial uses on the other side. In other words, appellants' property was ideally situated to create a buffer zone between an existing commercial zone and an existing single family residential zone. It is our judgment that this is substantial competent evidence to support the trial court's finding that the legislative classification of the subject property was fairly debatable, and thus, this finding must be upheld.
A zoning ordinance is not invalid merely because it prevents the owner from using his property in the manner which is economically most advantageous. City of Miami v. Zorovich, supra. It is only where the zoning ordinance has the effect of completely depriving the owner of any beneficial use of his property that it will be struck down. Metropolitan Dade County v. Greenlee, Fla.App. 1969, 224 So.2d 781. It has not been suggested that such is the case here.
Appellants' second point is that a zoning ordinance is arbitrary and therefore invalid if it permits designated uses of the property in a given area while excluding uses not significantly different. When stated as an abstract principle of law, the point appears well taken. See, City of Miami Beach v. 8701 Collins Avenue, Fla. 1954, 77 So.2d 428; City of Miami Beach v. State ex rel Lear, 1937, 128 Fla. 750, 175 So. 537; City of Chicago v. Sachs, 1953, 1 Ill.2d 342, 115 N.E.2d 762. However, appellee contends, and we think correctly so, that the facts of this case do not bring it within this principle of law.
*141 Appellants assert that under the B-1 classification, their property can be used for a hospital, sanitarium, convalescence home, nursing home, church, private or parochial school, nursery school, or child care center and any non-profit private club, but the property cannot be used for a bank, motel, or a restaurant which serves alcoholic beverages; that a bank, or a motel, or a restaurant serving alcoholic beverages, is no more obnoxious or deterimental to the public welfare than a hospital, or a sanitarium, or a private school, or a convalescence home, or a church, or any non-profit private club. The evidence shows that the B-1 neighborhood classification is intended to meet local neighborhood shopping and personal service needs, and that such classification includes a restaurant so long as it does not serve alcoholic beverages. Banks and motels are strictly commercial in nature and impair the residential character of the surrounding area. While it may be fairly argued that hospitals, sanitariums, convalescence homes, nursing homes, churches and schools also impair the residential character of the surrounding area, they are distinguishable in character from purely commercial uses because they fulfill a community need. 2 Anderson, American Law of Zoning, § 9.39 (1968). We think this is a sufficient distinction to warrant separate treatment.
Affirmed.
CROSS, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge (dissenting):
I respectfully dissent and would declare the zoning ordinance in question to be unconstitutional as applied to appellants' property.
Appellants' property is unique and sits as something of an island. It is bounded on the west by Sunshine State Parkway, on the north by Commercial Boulevard, on the east by commercial property and a 7-11 store, and on the south by a public road. North of Commercial Boulevard is a multi-family dwelling complex and a large shopping center. South of the public road are private homes.
When appellants purchased their property its zoning allowed banks, motels and restaurants with liquor licenses, and at that time the area was largely undeveloped. It has since dramatically developed in a commercial sense and the Parkway was built. Regardless of this trend, which would normally indicate that the zoning would become more oriented toward commercial development, the City did not go that route and was not even content to simply hold the present zoning. It, on its own initiative, went in the opposite direction and more restrictively rezoned appellants' property so as to exclude its use for motels, banks and restaurants serving alcoholic beverages.
The new zoning, in my judgment, bears no relationship to reason, public health, safety, welfare or morals. Further, I consider it unreasonable and arbitrary as applied to appellants' land, considering the history and location of the area. For instance, under the new zoning appellants can construct a hospital, sanitarium, nursing home, church, school or a non-profit club. Different from the prior zoning, which allowed such uses, though, they cannot construct a bank, motel or liquor serving restaurant. For example, I simply cannot see a whipstitch of difference as concerns zoning and its impact upon the area and the public between a use for a bank and a use of school, a hospital or a private club.
The new zoning being, as I see it, arbitrary and discriminatory, as such it is unjust and unconstitutional as applied to appellants' land. Thus, I would reverse upon authority of City of Miami Beach v. 8701 Collins Ave., Inc., 77 So.2d 428 (Fla. 1954).
I dissent.