313 So.2d 448 (1975)
CITY OF MIAMI, a Political Subdivision of the State of Florida, Appellant,
v.
The 20TH CENTURY CLUB, INC., a Florida Corporation, Appellee.
No. 74-1541.
District Court of Appeal of Florida, Third District.
June 3, 1975.
Rehearing Denied June 18, 1975.
John S. Lloyd, City Atty., and Michel E. Anderson, Asst. City Atty., for appellant.
Adams, George, Wood, Lee & Schulte, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
The City of Miami appeals an adverse final judgment which determined that the appellee is not required to obtain "conditional use" classification by application to the City Zoning Board and further directing the city to issue a building permit to the appellee.
The facts were stipulated to between the parties. They show that on September 9, 1971, the city by resolution no. 42755 granted to the appellee a "conditional use" subject to the requirement that the appellee *449 provide one parking space per each 100 square feet of area for the appellee's club and also subject to approval by the City's Planning Department of landscaping plans.
The appellee's club, the Mutiny Club, a private club, is located in an apartment building in the Coconut Grove section of Miami. The record reflects that when the "conditional use" approval was obtained from the city, the Planning Department, during a hearing on the matter, was casually informed that the club would comprise an area of two apartments in the building.
In its complaint, the appellee stated that the operation of the club has been extremely successful, and an expansion is necessary to adequately serve its members. Appellee seeks to double its size; in other words, it is seeking to convert two more apartments within the existing building to use for the club.
The City Building Department, however, by a letter to a representative of the appellee informed the appellee that it would not issue a building permit until the appellee applied for another "conditional use" to the City Zoning Board.
Thereafter, appellee instituted this action seeking declaratory and injunctive relief.
In the trial court, the city filed an affirmative defense invoking the doctrine of equitable estoppel. The city contended that the appellee represented to the Planning Board and the City Commission at the time its original "conditional use" was approved that the private club would consist of only two apartments.
By reply, appellee admitted that the club originally comprised only two apartments, but stated that it never represented that there would be no increases in the size of the club or alterations and improvements to it.
Moreover, we have examined the city's resolution contained in the record, and we find no implication therein that the city was relying upon a representation by the appellee regarding space limitation of the club. The only limitations appearing in the resolution concerned the number of parking spaces and approval of landscaping plans. The appellee recognizes that it is required to fulfill those requirements.
The city's position on appeal is (1) that the expansion of the club is not reasonable and (2) the trial court did not give proper weight to the Building Department's determination that the appellee must apply to the Zoning Board in order to expand its conditional use.
Appellee counters by arguing that it has the right to rely on its existing zoning; that its expansion within the same building does not create a public inconvenience nor is it detrimental and injurious to the surrounding neighborhood; and that therefore the expansion, as the trial court found, is reasonable.
In addition, appellee implicitly argues that the city is equitably estopped to deny it a building permit citing three cases. Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433; City of Gainesville v. Bishop, Fla.App. 1965, 174 So.2d 100; City of Hialeah v. Allmand, Fla.App. 1968, 207 So.2d 9; see also, City of North Miami v. Margulies, Fla.App. 1974, 289 So.2d 424.
We hold that the city's resolution created a vested right of "conditional use" zoning for the appellee and that the appellee had a right to rely on the existing zoning in seeking a building permit for expansion from the city.
We agree with the trial court that such zoning might not in every instance entitle a property owner to rely on it when seeking an expansion. For example, if the court finds such expansion to be unreasonable and inconsistent with the surrounding neighborhood (or in any manner inconsistent with the reason for which the "conditional use" was granted originally) then further zoning application and hearings might be required.
*450 However, in the case before us there is nothing persuasive in the record which indicates that the city in fact was relying upon a definitive representation that the Mutiny Club would be confined always to a space constituting two apartments. Nor do we see anything supporting the city's contention that the expansion is unreasonable.
Therefore, for the reasons stated and upon the authority cited, the judgment appealed is affirmed.
Affirmed.