PER CURIAM.
Upon due consideration of the briefs and oral argument and after careful review of the record on appeal we are of the opinion that the trial court misconstrued the legal effect of the evidence in granting plaintiffs’-appellees’ application for rezoning of their property from residential to commercial. The evidence in the record as well as the findings of fact demonstrate, in our opinion, that the zoning classification placed upon plaintiffs’ property by defendants-appellants was fairly debatable; plaintiffs failed to carry their burden of proving that the existing ordinance and zoning classification was arbitrary, unreasonable or confiscatory. City of St. Petersburg v. Aikin, Fla.1968, 217 So.2d 315; McCormick v. City of Pensacola, Fla.App.1968, 216 So.2d 785; Metropolitan Dade County v. Greenlee, Fla.App. 1969, 224 So.2d 781; City of South Miami v. Alvin, Fla.App.1966, 189 So.2d 386. In particular, whether the increased flow of traffic over the thoroughfares bordering plaintiffs’ property was sufficient to require a change from residential to commercial was fairly debatable; and in light of the applicable principles relating to this doctrine any doubt should be resolved in favor of the decision of the zoning authority. City of St. Petersburg v. Aikin, supra, and McCormick v. City of Pensacola, supra.
Accordingly, the judgment of the trial court directing the granting of the plaintiffs’ application for rezoning is vacated and set aside and the cause remanded for further proceedings consistent herewith.
OWEN, C. J., and MAGER and DOW-NEY, JJ., concur.