314 So.2d 815 (1975)
BOARD OF COUNTY COMMISSIONERS OF METROPOLITAN DADE COUNTY, Appellant,
v.
George LUTZ and Lillian Lutz, His Wife, Appellees.
No. 74-1500.
District Court of Appeal of Florida, Third District.
June 17, 1975.
Rehearing Denied July 22, 1975.
*816 Stuart Simon, County Atty., and Alan S. Gold, Asst. County Atty., for appellant.
Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
This appeal is from an order granting a petition for certiorari. The appellees, George Lutz and Lillian Lutz, his wife, were the petitioners in the trial court and the Board of County Commissioners of Metropolitan Dade County was the respondent. The question presented to us is whether the circuit court departed from the essential requirements of law when it held that the County was estopped from changing the zoning on petitioner's property upon the ground that petitioners had secured a change of zoning and had afterwards expended some $100,000 in reliance upon the zoning change they obtained.
The trial court, in a well-reasoned opinion, has set forth the law as follows:
"This Court has considered the pleadings, the record, the transcript of the hearing, the excellent briefs and oral presentations of counsel and based thereon concludes that Metropolitan Dade County is estopped from invoking Resolution Z-357-73 and from otherwise changing the zoning classification on Petitioners' parcels.
"The Florida Supreme Court has stated that the doctrine of equitable estoppel may be invoked against counties and municipalities. Bregar v. Britton, Fla. 1954, 75 So.2d 753, CERT. DEN. 348 U.S. 972 [75 S.Ct. 534, 99 L.Ed. 757]; Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808; Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433.
"A recent Third District Court of Appeal case recited the test which Petitioners seeking invocation of the principle must meet and which Petitioners here did fulfill: Equitable estoppel may be invoked against a local government exercising its zoning power where a property owner `(1) in good faith (2) upon some act or omission of the government (3) has made such a substantial change in position or has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the right he acquired.' City of North Miami v. Margulies, Fla.App. 3, 1974, 289 So.2d 424; City of Hollywood v. Hollywood Beach Hotel Company, Fla.App. 4, 1973, 283 So.2d 867.
"The record in the subject case establishes that Petitioners incurred extensive financial obligations and expenses in reliance upon rezoning of their property which zoning was granted only after Petitioners had negotiated, planned and fulfilled county requirements in activities lasting over one year. In a day and age when governmental restrictions and requirements pertaining to land development are extraordinarily extensive and zoning classifications allowing development are granted grudgingly and after exhaustive efforts by a developer, government may not casually ignore the individual landowner's rights when formulating large-scale zoning plans.
"Under the particular facts of this case, it would be inequitable and unjust to deny the relief sought."
We concur fully in the law as stated and find in addition that it is supported by a recent decision of the District Court of Appeal Second District, which was not available to the trial judge. That opinion is Town of Largo v. Imperial Homes Corporation, Fla.App. 1975, 309 So.2d 571. See also City of Miami v. The 20th Century Club, Inc., Fla.App. 1975, 313 So.2d 448.
Affirmed.