319 So.2d 596 (1975)
Donald E. WALKER, Appellant,
v.
INDIAN RIVER COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 74-1768.
District Court of Appeal of Florida, Fourth District.
October 10, 1975.
*597 Jerome D. Quinn, of Smith, Heath & Smith, Vero Beach, for appellant.
Paul D. Burch, of Burch, Collins & Brown, Vero Beach, for appellee.
DIAMANTIS, GEORGE N., Associate Judge.
Donald E. Walker (hereinafter called appellant) appeals a judgment of the circuit court dismissing his complaint for declaratory and injunctive relief filed against Indian River County, a political subdivision of the State of Florida (hereinafter called appellee).
Specifically, appellant sought to invalidate a Zoning Ordinance which placed his parcel of land in an R-1 Single Family Residential District, and to require appellee to permit the appellant to use his property in a manner that is allowed by an R-3 zoning classification. This action was tried by the court without a jury.
The trial judge found that the purpose of including the appellant's land in an R-1 Single Family Dwelling Residential District was to maintain and preserve the integrity of a residential area in the Westgate Colony Subdivision which adjoined the appellant's property and that the necessity for this action and the reasonableness for this action are "fairly debatable" and that it could not substitute its judgment for that of the County Zoning Authority.
The appellant raises three (3) points on appeal. First, the trial court erred in its finding that zoning the appellant's property R-1 would maintain the integrity of the Westgate Colony Subdivision and thereby relates to the public welfare under the police power of the state. Secondly, the trial court erred in finding that the R-1 zoning classification, as applied to the appellant's property, was "fairly debatable" and not an arbitrary and unconstitutional confiscation of appellant's property. Thirdly, the court erred in not finding that the appellee was equitably estopped from rezoning the appellant's property after the appellant had received a site plan approval and acted in good faith reliance upon that approval.
We will first discuss the first two points that are raised by the appellant.
The record before the trial court showed that appellant's property, which is located in Indian River County, adjoins State Road #60. Appellant's property is located on the north side of State Road #60 between Ranch Road and Range Line Road. Appellant's property is approximately one and one-half miles east of the I-95 Interchange and approximately four miles west of the City Limits of Vero Beach, Florida. The I-95 Interchange intersects State Road #60 approximately five and one-half *598 miles west of the City of Vero Beach, Florida. Appellant's property has a frontage of 356.67 feet on State Road #60 and a depth of 300 feet and is located in a unit of the Westgate Colony Subdivisions which were platted in 1957, 1958 and 1960. Range Line Road intersects State Road #60 approximately two miles east of the I-95 Interchange and approximately one-half mile east of the Westgate Colony Subdivision.
Under the original Indian River County Zoning Regulation, which became effective February 1, 1957, all land bordering on State Road #60 was zoned C-1 Commercial, for a distance of approximately four miles west of Range Line Road. This zoning, which included the appellant's property, extended for a depth of 660 feet on either side of State Road #60.
In November, 1972, appellant contracted to purchase the property involved herein contingent upon approval by the appellee of a site plan for construction of a motel. On December 14, 1972, the appellee approved the site plan for the motel and four days later the appellant took title to the property.
In March of 1973, the appellee rezoned appellant's property to an R-1, Single Family Residential, classification as a part of a comprehensive rezoning of the State Road #60 area.
Subsequent to this March, 1973 rezoning, the appellant, who had earlier abandoned his plans to construct a motel, applied to the appellee for an R-3 zoning classification. Appellee denied this request.
The evidence before the trial court showed that the property immediately surrounding the appellant's property was single family residential and that between Range Line Road to Ranch Road there was no present commercial use and that such property was either single family development or in natural growth or used for agricultural purposes. The nearest commercial piece of property to the appellant's was located about one-half mile away.
Further, the evidence showed that the appellant's property is surrounded on three sides by residential property located in the Westgate Colony Subdivision and that the remaining side of the appellant's property fronts on State Road #60. This situation is in direct contrast to the one existing in the Greenbriar Subdivision which is almost directly across State Road #60 from the Westgate Colony Subdivision. In the Greenbriar Subdivision, the lots are subdivided and the front portion of that subdivision fronting on State Road #60, for a depth of approximately 300 feet, is rezoned for something other than individual lots and is suitable for a possible R-3 development. The remaining lots in the Greenbriar Subdivision are zoned R-1 Single Family. However, as pointed out, appellant's property is surrounded on three sides by single family zoning. The only side of appellant's property that is not so surrounded is the one fronting on State Road #60.
Consequently, we hold that the trial court's findings that the purpose of including the appellant's land in an R-1 Single Family Residential District was to maintain and preserve the integrity of the neighborhood, which consists of single family residences in the Westgate Colony Subdivision adjoining the appellant's property, and was not confiscatory, and that the necessity and the reasonableness of this action were "fairly debatable" are supported by substantial competent evidence. City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968); City of Miami Beach v. Wiesen, 86 So.2d 442 (Fla. 1956); City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (1941); Trachsel v. City of Tamarac, 311 So.2d 137 (Fla.App. 4th 1975); and County of Brevard v. Woodham, 223 So.2d 344 (Fla.App. 4th 1969).
Further, the record reflects that the legislative action of the Board of County *599 Commissioners in rezoning the appellant's property from C-1 to R-1 and in denying the subject R-3 zoning classification request were supported by the recommendations of the Appellee-County's professional planner and by the County Zoning Commission. These recommendations were part of the record before the trial court and are probative to support the application of the "fairly debatable" rule. See Metropolitan Dade County v. Fletcher, 311 So.2d 738 (Fla.App. 3rd 1975), at page 739, and the cases cited therein.
If there was any doubt as to the propriety of the appellee's action in rezoning the appellant's property to R-1 Single Family and denying appellant's request for an R-3 use, this doubt was properly resolved by the trial court in favor of the decision of the zoning authority. City of Pembroke Pines v. Blacker, 314 So.2d 195 (Fla.App. 4th 1975), at page 196.
In other words, any doubt as to the propriety of the appellee's actions in rezoning appellant's property and denying the request for an R-3 use in order to prevent spot zoning or what appellant's expert termed "bulls-eye zoning" within the Westgate Colony Subdivision neighborhood should be resolved in favor of the decision of the zoning authority. Ibid.
Appellant maintains that his property was rezoned to give special protection to the nearby residents in the Westgate Subdivision. Assuming arguendo that this particular contention of the appellant is correct, it has been answered by the case of Town of Largo v. Imperial Homes Corporation, 309 So.2d 571 (Fla.App.2nd 1975), where the District Court at page 574 of 309 So.2d stated as follows:
"As a second ground for the judgment, the court below concluded that single family zoning for the subject property was `unreasonable.' The parties interpret this conclusion to mean that the zoning was not `fairly debatable.' On this point we agree with the Town that the zoning was `fairly debatable.' See City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148. There was competent opinion given on both sides of the question. While the record reflects that the decision to go to single family zoning was more the result of public clamor than conscientious deliberation by the Town Commission, Imperial's property is totally surrounded by single family zoning districts, and no showing was made that the property is unsuitable for single family development."
We hold that there was competent substantial evidence before the trial court to the effect that the appellant's property was suitable for single family development. As the trial court correctly observed, a zoning ordinance is not invalid merely because it prevents an owner from using the property in the manner which is economically most advantageous. Trachsel v. City of Tamarac, supra, 311 So.2d 137, at page 140.
As far as appellant's third point of equitable estoppel is concerned, we find it is without merit. Appellant's predecessor in title only obtained a site plan approval for a motel and neither the appellant nor his predecessor in title obtained a zoning permit and a building permit which must be obtained before construction can commence. In other words, appellant, through his predecessor in title received only a site approval, and then the appellant took title to the property in question some four days after the approval of the site plan, but the appellant neither commenced construction nor expended any funds for such construction. Subsequent to taking title to the property, appellant abandoned his plans for the motel. Consequently, we hold that the issue of equitable estoppel is governed by the principles set forth in this court's opinion of City of Hollywood v. Hollywood Beach Hotel Company, 283 So.2d 867 (Fla.App. 4th 1973), at pages 869-870.
In other words, the mere purchase of land does not create a right to rely on *600 existing zoning. City of Miami Beach v. 8701 Collins Ave., 77 So.2d 428 (Fla. 1954).
We have not overlooked the recent cases of Town of Largo v. Imperial Homes Corporation, supra, 309 So.2d 571, and Board of County Commissioners of Metropolitan Dade County v. Lutz, 314 So.2d 815 (Fla.App. 3rd 1975). In the Imperial Homes case, the owner purchased the property conditioned upon it being rezoned and expended great sums of money for architectural fees, interest, taxes, sewer permits, and other development costs after the property was rezoned. In Lutz, the owners incurred extensive financial obligations and expenses in reliance upon rezoning of their property only after they had negotiated, planned and fulfilled county requirements in activities lasting over one year. In the instant case, we hold that the appellant failed to make a sufficient showing of any reliance by him upon the original C-1 zoning which resulted in a substantial change of position by him.
Finally, Section 23-H of the Site Plan Approval Ordinance of Indian River County provides as follows:
"In the event the property receiving site plan approval shall be sold, transferred, ... or the ownership thereof changed in any way whatsoever, the site approval shall become null and void."
In absence of any waiver by the appellee of this provision of the Site Plan Approval Ordinance, the site plan approval was revoked when title to the subject property was transferred to the appellant by his predecessor in title. The record shows no such waiver by appellee of this provision of its Ordinance.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.
OWEN and MAGER, JJ., concur.