546 So.2d 457 (1989)
Scott THOMSON, Petitioner,
v.
VILLAGE OF TEQUESTA BOARD OF ADJUSTMENT, Respondent.
No. 88-3473.
District Court of Appeal of Florida, Fourth District.
July 19, 1989.
Guy W. Held, Jupiter, for petitioner.
John C. Randolph of Jones, Foster, Johnston & Stubbs, West Palm Beach, for respondent.
PER CURIAM.
This is a petition for writ of certiorari from a final order of the circuit court sitting in its appellate review capacity. At issue is whether the circuit court erred in applying the current zoning ordinance for the Village of Tequesta, adopted in 1983, to extinguish a variance granted in 1962. We grant certiorari and quash the order of the trial court.

MATERIAL FACTS
On September 19, 1962, the Board of Adjustment of the Village of Tequesta unanimously granted a variance to Harry Gifford, then the owner of Lots 54 and 55 in Tequesta. The variance permitted the owner to re-draw the north line of Lot 54. Prior to the grant of the variance, Gifford had constructed a house on Lot 55 which impermissibly encroached onto Lot 54. The variance overcame the encroachment because it allowed the north line of Lot 54 to be reduced to 90 feet in width instead of 100 feet as required by the existing zoning ordinance. The total area of the Lot remained within the area specified by the zoning ordinance. The variance provided:
This is to advise you that the Zoning Board of Adjustment of the Village of Tequesta, at a Public Hearing held Wednesday, September 19, 1962, approved your application for a variance from the Village Zoning Ordinance to re-draw the north line of your Lot No. 54, Tequesta Country Club Community as per the survey submitted with your application showing a width of 91 feet at the building line and total square footage in excess of 12,500 square feet.
On March 15, 1983, the Village of Tequesta adopted a zoning ordinance, currently in effect, which places a time limitation of six months on variances. The ordinance, reprinted in the Petition for Certiorari, reads as follows:
(H) Time Limitation
(1) The board of adjustment may prescribe a reasonable time limit within which the action for which the variance is required shall be begun or completed or both. However, if no time limit is specified by the board, then the variance shall expire within six (6) months from the date of grant, unless a building permit based upon and incorporating the variance is issued within the aforesaid six-month period and construction has begun thereunder. (Sec. XIII, Ord. 319, now Ord. 355 of the Village of Tequesta).
The zoning ordinance does not state that it should be applied retroactively, but states *458 that its effective date is the date of adoption, March 15, 1983.
In 1988, the Building Official determined that the variance granted in 1962 in regard to Lot 54 was extinguished by virtue of the 1983 zoning ordinance. On June 21, 1988, the Zoning Board of Adjustment confirmed the Building Official's decision. At the hearing before the Board of Adjustment, it was indicated that the Board based its decision on its counsel's argument that the subsequent ordinance had the effect of terminating the variance because the variance was not exercised before or after the ordinance's adoption. On December 1, 1988, the circuit court affirmed the decision of the Board of Adjustment.

APPLICATION OF 1983 ORDINANCE
The petitioner, Scott Thomson, the present owner of Lots 54 and 55, argues that it was improper to retroactively apply the 1983 zoning ordinance to the 1962 variance. The respondent, Village of Tequesta Board of Adjustment, argues that it was proper, and suggests that Thomson is not exempt from the ordinance unless he can show that the Village should be equitably estopped from applying the ordinance to the variance. Zoning regulations are subject to the same rules of construction as state statutes. Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980). Statutes are presumed to be prospective in application unless the legislature manifests an intention to the contrary. Fleeman v. Case, 342 So.2d 815 (Fla. 1977). Because the zoning ordinance does not state that it should be applied retroactively, the focus of the instant case is whether a prospective zoning ordinance may terminate a prior variance.
Tequesta cites authority to support the proposition that building and zoning permits may be revoked when a zoning ordinance has been amended subsequent to issuance of the permits in absence of circumstances which would give rise to equitable estoppel. Walker v. Indian River County, 319 So.2d 596 (Fla. 4th DCA 1975); City of Boynton Beach v. Carroll, 272 So.2d 171 (Fla. 4th DCA), cert. denied, 279 So.2d 871 (Fla. 1973). However, such permits differ from variances because variances are special exceptions to existing zoning laws to permit nonconforming uses, whereas permits are often in compliance with existing zoning laws and facilitate authorized uses. See Troup v. Bird, 53 So.2d 717 (Fla. 1951). Moreover, in Walker, this court stated that site plan approval for permits is revoked when title to property is transferred. Variances, on the other hand, run with the land and perpetuate even when title to property is transferred. Halifax, 385 So.2d at 188 n. 5.
Thomson cites a Massachusetts case which suggests that subsequent amendments to zoning ordinances do not terminate prior variances. In Hogan v. Hayes, 19 Mass. App. 399, 474 N.E.2d 1158 (1985), the zoning body issued a variance in 1974 to the petitioner to divide her ownership into two lots so that she could reside on one lot and sell the other. At that time, the existing zoning ordinance did not contain a time limitation for variances. In 1977, the zoning body adopted an ordinance which established a one year limitation on variances when the rights authorized by the variance have not been exercised. It argued that the ordinance terminated the prior variance. The court did not specifically address the issue of retroactivity because it found that the petitioner had sufficiently exercised her variance. However, in regard to the zoning body's argument that the subsequent ordinance extinguished the variance, the court stated:
The notion that variances more than one year old, and remaining unexercised by the effective date of the new statute, are destroyed by a retroactive application of § 10, would appear quite drastic, and hardly matches the text of that provision. A milder contention might take the form that § 10 should extend to cancel variances, granted well before the effective date of the new statute, which have not been exercised within a year after that date. Even that proposition might put a *459 great and insupportable strain on the statutory language.[1]
Id. at 1161.
The court's reasoning is consistent with the reasoning in Halifax, 385 So.2d at 187, where the court noted that zoning ordinances should be interpreted in favor of property owners because they are in derogation of private rights of ownership.
While there is no case law specifically on point in Florida, Town of Long Boat Key v. Mezrah, 467 So.2d 488 (Fla. 2d DCA 1985) is helpful. In Mezrah, the petitioner was granted a variance to develop townhouse units seaward of the coastal construction control line. Later, the zoning body amended its zoning laws. The amendments established the coastal control line at a point beyond which no construction would be permitted except by special variance and only in the case of single-family dwellings. The court ruled that the zoning body was equitably estopped from rescinding the variance, and in dicta, noted that the trial court had found that the subsequent amendments of the zoning laws did not permit the zoning body to rescind the petitioner's variance.
Based on the above case law, and on the fact that variances are distinguishable from permits, we believe it was error to apply the 1983 ordinance to terminate the 1962 variance. In effect the 1962 action permanently altered the legal description of the lot while still permitting its use for residential housing. The record also reflects that conditions in Tequesta have not drastically changed since 1962, and that the zoning ordinance in regard to lot measurements has not changed.[2]
Accordingly, for the reasons enunciated above, we grant certiorari, quash the order of the trial court and direct that further proceedings be held in accord herewith.
ANSTEAD and STONE, JJ., concur.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
This petition for writ of certiorari comes to us from a final order of the circuit court, acting in its review capacity. This being so, our scope is limited to a review of procedural due process and whether there was a departure from the essential requirements of the law. City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), affirmed, 419 So.2d 624 (Fla. 1982). Recognizing when a departure from the essential requirements of the law has occurred is not an easy task. Nonetheless, I do not agree that this trial judge's error, if error there was, rose to such a departure. Moreover, there is no suggestion that procedural due process was offended. I would affirm.
NOTES
[1] § 10 provided: "If the rights authorized by a variance are not exercised within one year of the date of grant of such variance they shall lapse, and may be reestablished only after notice and a new hearing pursuant to this section." Hogan, 474 N.E.2d at 1161 n. 10.
[2] Petitioner notes that thirty three percent of the river lots in Tequesta remain "substandard" in that they are less than a 100 feet wide, and thirteen of the lots are even narrower than Lot 54.