823 So.2d 292 (2002)
LEON COUNTY, FLORIDA, a political subdivision in the State of Florida, Appellant,
v.
BRADFORDVILLE PHIPPS LIMITED PARTNERSHIP, a Florida limited partnership, Appellee.
No. 1D01-3275.
District Court of Appeal of Florida, First District.
August 14, 2002.
*293 Herbert W.A. Thiele, County Attorney, and Theresa T. Sawyer, Assistant County Attorney, Tallahassee; Robert H. Freilich of Freilich, Leitner & Carlisle, Kansas City, MO, for Appellant.
Carl R. Pennington, Jr. and John C. Pelham of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellee.
ALLEN, C.J.
Leon County challenges a summary final judgment which was entered upon the appellee's complaint for declaratory and injunctive relief. In this order the court ruled that Leon County is estopped from applying certain ordinances to the appellee's property, and that the appellee may develop the property in accordance with prior zoning ordinances, and that Leon County shall review and grant or deny development permit applications without reference to the new ordinances (and a sector plan) with the County being enjoined from applying these provisions to the appellee's property. Because the appellee did not demonstrate the complete absence of any dispute as to all issues of material fact, and the appellee did not conclusively establish such undisputed equities as to compel an estoppel, the court should not have entered the summary judgment.
The appellee purchased property within the Bradfordville Study Area in Leon County, with the property being zoned for commercial use. Pursuant to the existing Land Use Goals and policies for this area, the county thereafter adopted interim standards addressing stormwater loading levels. The County also became involved in a road project which led to the exercise of eminent domain powers for the acquisition of a right of way and land for a stormwater management facility. During this time the appellee obtained additional property and ultimately settled the eminent domain proceeding by a stipulated judgment with Leon County whereby the appellee would be allowed to collect and transmit certain amounts of surplus waters into the stormwater management facility. Leon County subsequently rezoned a portion of the area with mixed-use districts allowing commercial use, and several homeowners associations initiated a legal proceeding challenging this action. A moratorium order was issued in that proceeding, precluding the County from permitting new development in the area until further regulations were adopted in accordance with a stormwater study pursuant to the applicable Land Use Goal. The County thereafter entered into an interim settlement with the homeowners associations and the appellee then initiated a legal action against the County, claiming that this settlement effected a taking of the appellee's property. The court eventually entered a judgment for Leon County in that case, ruling that the challenged regulatory action did not effect such a taking. Noting that the County's comprehensive plan and the Land Use Goals were already in effect when the appellee purchased the property, the court found that the appellee was aware of the resistance to intensive commercial development in the area and could have reasonably expected that further regulatory standards would be imposed and might impact the appellee's development plans.
During this time Leon County adopted Interim Development Ordinance (IDO) 99-31, providing for a temporary moratorium on development permits until a stormwater management plan and further regulations could be adopted. After completing the stormwater study the County adopted IDO 00-30 and 00-31, imposing new stormwater and commercial development *294 standards. These ordinances amended the zoning map, and required specified methods of stormwater treatment with options for off-line or on-line retention, and the imposition of groundwater standards, etc. Certain commercial activities were also prohibited within a specified area. The appellee thereafter initiated the legal action which has led to the present appeal, filing a complaint for declaratory and injunctive relief. Describing numerous activities which were alleged to have been undertaken in furtherance of the pre-development process, the appellee asserted that it would be unjust for the County to impose the new standards in connection with the appellee's plans for development. Affidavits were filed with regard to the activities and efforts of various individuals working on the appellee's behalf. However, Leon County denied many of the appellee's averments, and maintained that the appellee had not changed its position with any good faith reliance on the County's conduct. The County further asserted that the appellee acquired the property and pursued development with the knowledge that there were ongoing studies and regulatory revisions being anticipated to ensure that any development would comport with the requirements of the comprehensive plan. Leon County also filed affidavits, but the court subsequently granted the appellee's motion for summary judgment and entered the appealed order estopping the County from applying the challenged ordinances to the appellee's property, declaring that the appellee would be entitled to develop the property in accordance with the prior zoning ordinances and that the County was enjoined from applying the new regulations or the sector plan for the area and would have to consider permit applications without reference to the new criteria.
As Leon County properly notes, the existence of disputed issues of material fact preclude entry of summary judgment, and the appellee was required to conclusively establish the nonexistence of such an issue beyond even the slightest possibility or doubt. See e.g. Cox v. CSX Intermodal, 732 So.2d 1092 (Fla. 1st DCA 1999). Furthermore, the courts should be extremely cautious in applying the estoppel which the appellee sought against the County, as this doctrine pertains against a governmental entity only under exceptional circumstances. See Dolphin Outdoor Advertising v. Department of Transportation, 582 So.2d 709 (Fla. 1st DCA 1991). Hollywood Beach Hotel v. City of Hollywood, 329 So.2d 10 (Fla.1976), nevertheless indicates that the government may sometimes be estopped from unjustly repudiating a zoning action upon which a property owner has reasonably and detrimentally relied. This principle has been applied in situations where the repudiated zoning designation was negotiated by the property owner or made at the property owner's request with the government being aware that the owner was being led to a substantial and detrimental change in position by relying on the agreed zoning. See Board of County Commissioners Metropolitan Dade County v. Lutz, 314 So.2d 815 (Fla. 3d DCA 1975); Town of Largo v. Imperial Homes, 309 So.2d 571 (Fla. 2 DCA 1975): see also Franklin County v. Leisure Properties, 430 So.2d 475 (Fla. 1st DCA 1983). But the present case has not been unequivocally shown to involve such circumstances, and may instead be within the general rule announced in cases such as Ft. Pierce v. Davis, 400 So.2d 1242 (Fla. 4th DCA 1981), which emphasize that a property owner ordinarily may not obtain such an estoppel based on a particular zoning designation.
The affidavits which the appellee filed in this case fail to conclusively demonstrate the necessary criteria for a zoning estoppel *295 under the cited cases, as they do not clearly establish that the earlier zoning was initiated by or made on behalf of the appellee, or that the County could be fairly charged with knowledge that the appellee would rely on such zoning when further studies and standards were being considered for the area, or that the appellee reasonably incurred any detrimental reliance on the earlier zoning designations. Indeed, under cases such as Cummins v. Allstate Indemnity, 732 So.2d 380 (Fla. 4th DCA 1999), the question as to the reasonableness of any reliance by the appellee may itself preclude entry of summary judgment.
Because the appellee did not conclusively show that there was no disputed issue as to any material fact, or that there was such clear inequity as to require an estoppel, the trial court should not have entered the summary judgment. The appealed order is therefore reversed, and the case is remanded.
BENTON and PADOVANO, JJ., concur.